MISSOURI PACIFIC RAILROAD COMPANY v. STORY.

Opinion delivered November 17, 1924.

1. WITNESSES—IMPEACHMENT.—In an action for an injury alleged to have been received from a piece of coal falling from defendant's train while plaintiff was passing under defendant's bridge, wherein it appeared that plaintiff filed a similar claim against another railroad, it was not error, on plaintiff's cross-examination, to exclude a question as to whether plaintiff's son-in-law, who claimed to be an eye-witness to plaintiff's injury, had not filed a claim for personal injuries against another railroad company.

2. APPEAL AND ERROR—HARMLESS ERROR—MODIFICATION OF INSTRUCTION.—Modification of a requested instruction by striking out a portion thereof was harmless where the instruction was complete without the eliminated portion.

3. RAILROADS—CONTRIBUTORY NEGLIGENCE.—Where plaintiff was struck by a lump of coal which fell from defendant's train while he was passing along a street under defendant's bridge, there was no question of contributory negligence in the absence of a showing that he saw the lump of coal and could have dodged it.

Appeal from Miller Circuit Court; *James H. McCollum*, Judge; affirmed.

*E. B. Kinsworthy* and *R. E. Wiley*, for appellant.

The court properly permitted proof of a similar claim made against the Cotton Belt Railroad, under the rule that, where intent or fraudulent intent is the issue, evidence of other similar transactions is admissible, and that another act of fraud is admissible to prove fraud charged in the instant case when there is evidence to show that the two are so connected as to indicate a common purpose. Authority for such action is found in 143 Ark. 413; 81 Ark. 25; 65 Ark. 278. By the same authorities the court erred in not allowing proof to be made of the connection appellee had with a claim made by one Splaun, his son-in-law, on a similar accident. This would have shown his effort to perpetrate a fraud.

*J. M. Carter* and *B. E. Carter*, for appellee.

McCULLOCH, C. J. Appellee claims that he was injured while passing along a public street under appel-

lant's railroad track in the city of Texarkana. He was injured by being struck with a lump of coal, which fell or was thrown from the tender of one of appellant's engines passing along the bridge over the street, and he instituted this action to recover compensation for such injuries. Appellant filed its answer denying each of the allegations of the complaint, and, on a trial of the issues before a jury, there was a verdict in favor of appellee fixing the damages at the sum of $400.

Appellee testified that he was passing along the street in question about midnight, with a companion, and, as a train passed along the bridge over the street, he was struck in the face by a lump of coal which came from the tender of the engine. He testified that the piece of coal struck him above the eye and cut to the bone, dropping the flesh down over the eye. He was corroborated by the testimony of his companion, who was his brother-in-law. There was other testimony to the effect that appellee was found at the scene where he claimed the injury occurred, and was carried to a hospital and treated by an eye and ear doctor.

Appellant introduced testimony of its trainmen who operated the engine which passed over the bridge at the time appellee claims to have been hurt, and this testimony was to the effect that coal did not fall from the tender of the engine, and that the tender was so constructed that lumps of coal could not roll off. The testimony of these witnesses tended to establish the fact that the claim of appellee was false, and that a lump of coal was not in any way expelled from the tender.

It is not contended that the evidence is insufficient to sustain the verdict, but the first assignment discussed in the brief relates to the ruling of the court in refusing to permit appellant to propound a certain question to appellee on cross-examination. Appellant's attorney, in cross-examining appellee, asked him many questions for the purpose of testing his credibility. Among other things it was shown by appellee's own admission on cross-

examination that he was an ex-convict, having pleaded guilty in the State of Illinois to the crime of robbery, and had been sentenced to the penitentiary. It was also shown by appellee's own admission that he had collected a claim against another railroad company for an injury of the same character, inflicted in the same way, by having a lump of coal strike him on the head. Appellee also admitted that he had frequently passed under an assumed name. Counsel for appellant questioned appellee for the purpose of proving that the latter's son-in-law, Wesley Splaun, had received a personal injury at Benton, Arkansas, prior to the date of the injury to appellee, for which injury Splaun made a claim against the Rock Island Railroad. The court excluded the question, and appellant saved its exceptions. Further on, in the cross-examination, appellee testified that he was at Benton at the time Splaun claimed to have been injured, but was not with Splaun at the time, and that he registered under an assumed name at one of the hotels in Benton. It is insisted that the court erred in excluding the question propounded to appellee on cross-examination concerning the claim of Splaun against the Rock Island Railroad Company. The argument is that, having shown that appellee had put in a similar claim against another railroad company, it was competent to show that Splaun, his son-in-law, had put in a claim against the Rock Island, so as to discredit appellee by establishing a scheme on his part to present fictitious personal injury claims against railroad companies. The ruling of the court was, we think, correct. It was not competent to prove the bare fact that the son-in-law of appellee had presented a personal injury claim to another railroad company. But when counsel for appellant sought to connect appellee with the occurrence of the injury to his son-in-law and the presentation of his claim, the court permitted counsel to question appellee about that and to ask him whether or not he was present with Splaun when he was injured, and if he did not put in a claim for Splaun, all of which appellee denied.

The only other assignment of error argued in the brief relates to alleged error of the court in modifying one of appellant's requested instructions, which reads as follows, the modification being the striking out of the words italicized:

"5.    The court instructs you that the defendant railroad company had the right to occupy its tracks and run its trains over the crossing at any and all times, and to use such means for that purpose as were necessary; and the court further instructs you that the law required the plaintiff to use ordinary care for his own protection *in approaching to and crossing under the tracks;* that is to say, he must use such care as an ordinarily prudent person would use, in view of the rights of the railroad company to operate its trains over the crossing, and he must use ordinary care to look out and protect himself from injury from missiles falling from the train, and if you believe from the testimony that he failed to do that, then plaintiff was guilty of contributory negligence; and if you find that plaintiff himself was negligent in that respect, and that the accident was caused partly by the negligence of the plaintiff himself and partly by the negligence of the railroad company, and that they were equally negligent, then your verdict should be for the defendant, notwithstanding plaintiff was injured."

The instruction was complete without the use of these words, and there was no prejudice in modifying the instruction by striking them out.    Moreover, there was no place in the case for the question of contributory negligence, for there was no testimony tending to show negligence on the part of appellee.    The issue in the case was whether or not the coal fell from the tender and struck appellee.    He and his companion testified that this did happen, but the testimony adduced by appellant tended strongly to show to the contrary.    Appellee was traveling along the street, as he had a right to do, and he also had the right to assume that lumps of coal would not be expelled from the tender of the engine or from any part of the train.    If there had been any testimony tend-

ing to show that appellee saw the lump of coal falling from the engine and might have dodged it, there would have been a question of contributory negligence involved, but there is no such state of facts presented by the evidence. Appellant defended on the ground that the claim of appellee was fictitious, but the verdict of the jury is conclusive on that issue.

We find no error in the record, and the judgment is affirmed.